## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| **ROBERT BARQUERO** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 4:15-CV-00749-NCC |
| **AUTOZONERS, LLC,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

### JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS COMPLAINT WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW

NOW COMES the Plaintiff Robert Barquero ("Barquero"), by and through undersigned counsel, joined by the Defendant AutoZoners, LLC ("AutoZone"), by and through undersigned counsel, and jointly they hereby move the Court pursuant to Federal Rule of Civil Procedure 41(a)(2) to enter a Stipulated Order that approves the proposed settlement of the Fair Labor Standards Act ("FLSA") claims brought by the Plaintiff against AutoZone and dismisses this action with prejudice and without costs for the following reasons:

1. Barquero filed a Complaint against AutoZone on May 11, 2015. This Complaint was served on AutoZone's agent for service of process on May 19, 2015.

2. Barquero's Complaint asserts claims related to payment of overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 and unjust enrichment under Missouri law. AutoZone contends that Barquero was properly classified as an exempt employee who was not entitled to receive overtime compensation under federal law.

3.  The parties recognize that there is a bona fide dispute over whether Barquero's claims would succeed on the merits as well as a bona fide dispute over the amount due to the Plaintiff even if he were to succeed on the merits.

4.  The parties through counsel have engaged in arm's length, good faith settlement negotiations before arriving at terms that they jointly believe to be just.

5.  The parties agree that this settlement amount reflects a compromise of disputed claims and that neither party admits any liability toward the other.

6.  In the desire to settle this bona fide dispute and any and all claims that Barquero might assert against AutoZone, whether set forth in the Complaint or not, the parties have agreed to a total settlement of $13,500.

7.  The parties propose to allocate the settlement proceeds as follows:

    - $9,000 to Barquero for any and all claims related to his employment with AutoZone, including his claims for unpaid wages and any potential liquidated damages available under 29 U.S.C. § 216.

    - $4,500 to Plaintiff's attorneys for fees that might be available under 29 U.S.C. § 216, which is consistent with prevailing market rates.

8.  A copy of the proposed settlement agreement is attached as <u>Exhibit A</u>. Although the parties have not yet executed the agreement, the parties represent they have each agreed to its terms and, if the Court so orders, will supplement this motion with a fully executed agreement when it is completed. Upon the Court's approval of this Motion, the parties have agreed that the terms of the attached settlement agreement will become final and binding.

9.  The parties seek the Court's approval of this settlement because of Plaintiff's assertion of claims under the FLSA. *See Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1355 (11th Cir. 1982) (finding that a court may enter an order

approving a proposed settlement of an employee's FLSA claim for back wages after determining that the terms of the settlement are fair and reasonable); *see also Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2008). A dispute is bona fide if some doubt exists about whether the Plaintiff's claims would succeed if litigated on their merits. *Collins*, at 720. A proposed settlement amount should be deemed fair and reasonable if the parties, through counsel, engaged in arm's length, good faith negotiations before arriving at terms that appear just on their face. *Id.* at 725-28. As part of this fairness determination, the court should also find that the proposed attorney's fees are reasonable based on prevailing market rates. *Id.* at 728.

WHEREFORE, Barquero and AutoZone respectfully request that this Honorable Court grant this joint motion, enter an order that approves the proposed settlement agreement between the parties, and dismisses the Complaint with prejudice and without costs.

*s/ Jonathan P. Beck*
Jonathan P. Beck
Dale Sweet
Attorneys for Plaintiff

**OF COUNSEL:**
Jonathan P. Beck
Dale Sweet
The Law Offices of Jonathan P. Beck
3500 Magnolia Avenue
St. Louis, MO 63118
Telephone: (314) 772-2889
Email: jpbeck@jpbecklaw.com
dsweet@jpbecklaw.com

*s/ Amy K. Jordan*
Michael L. Lucas (LUCAM0118)
K. Bryance Metheny (METHK8183)
Amy Jordan (JORDA2962)
Attorneys for Defendant

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street, Suite 3400

Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile:  (205) 458-5100
Email:  mlucas@burr.com
            bmetheny@burr.com
            ajordan@burr.com