# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ROBERT BARQUERO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15-CV-749 CAS |
| ) | |
| AUTOZONERS, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER APPROVING SETTLEMENT

Plaintiff Robert Barquero and defendant Autozoners, LLC have filed a joint motion requesting that the Court approve their settlement agreement. This case was brought under § 216(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, et seq. ("FLSA"), and, as a result, any settlement must be approved by the Court.[1] Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). In support of the motion, the parties assert that (1) this matter involves a bona fide dispute with legal and factual disputes, and (2) arm's-length negotiation resulted in a settlement of all claims on terms that are fair, reasonable and adequate. The parties also submitted a settlement agreement and mutual release. The Court ordered plaintiff's counsel to submit additional information concerning the reasonableness of the proposed attorney's fees to be paid to him, and he has done so. Because the Court finds that the settlement is fair and equitable to both parties, it will approve the proposed settlement.

A district court may only approve a settlement agreement in a case brought under § 216(b) of the FLSA after it determines that the litigation involves a bona fide dispute and that the proposed

---

[1] Plaintiff also brought a state law claim for unjust enrichment.

settlement is fair and equitable to all parties. Lynn's Food Stores, 679 F.2d at 1353; Fry v. Accent Marketing Servs., L.L.C., 2014 WL 294421, at *1 (E.D. Mo. Jan. 27, 2014); Moore v. Ackerman Investment Co., 2009 WL 2848858, at *2 (N.D. Iowa Sept. 1, 2009).

This settlement is the product of contested litigation. The plaintiff in this action has brought suit against his former employer to recover allegedly unpaid overtime wages under the FLSA. A case management order was issued in August 2015 and the matter was referred to alternative dispute resolution in December 2015. The parties notified the Court of settlement on March 8, 2016.

To determine whether the settlement is fair and reasonable under the FLSA, courts routinely consider the same fairness factors typically applied to a Rule 23 class action. Fry, 2014 WL 294421, at *1; Moore, 2009 WL 2848858, at *2. Among the factors a court may consider are the stage of the litigation, the amount of discovery exchanged, the experience of counsel, and the reasonableness of the settlement amount based on the probability of plaintiff's success with respect to any potential recovery. Fry, 2014 WL 294421, at *1. Here, plaintiff and defendant assert that they agreed to the settlement after recognizing the existence of significant disputed legal and factual issues regarding plaintiff's claims that make the outcome of litigation uncertain. The parties represent to the Court that the settlement agreement is the product of arm's-length negotiations and constitutes a fair, reasonable and adequate settlement of plaintiff's claims based on the merits of his case, weighed against the terms of the settlement, and the complexity, expense and uncertain outcome of continued litigation. Both parties were represented by competent counsel during settlement negotiations and throughout the pendency of this case. The parties have developed their cases enough to know the potential recovery and the relative risks of proceeding to trial with their claims. The Court finds no basis to doubt that the settlement is fair and reasonable to both parties.

The requested attorney's fees in this case are also reasonable. It is well established that "[t]he starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rat[e]." <u>Fish v. St. Cloud State Univ.</u>, 295 F.3d 849, 851 (8th Cir. 2002). The amount of attorney's fees requested by plaintiff's counsel is not opposed by defendants, is based on a reasonable hourly rate, and is reasonable based on the amount of time and effort expended on this case.

Accordingly,

**IT IS HEREBY ORDERED** that the parties' Joint Motion to Approve Settlement and Dismiss Complaint with Prejudice is **GRANTED**. [Doc. 19]

An appropriate order of dismissal will accompany this Memorandum and Order Approving Settlement.

*/s/ Charles A. Shaw*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  17th  day of March, 2016.